# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABB INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBOTIC VISIONTECH, LLC, BRAINTECH, INC., and BRAINTECH CANADA, INC. <br><br> Defendants. | Case No. 5:10-cv-12626-JCO-PJK <br><br> Judge John Corbett O'Meara <br> Magistrate Judge Paul J. Komives |

### DECLARATION OF FREDERICK WEIDINGER IN SUPPORT OF DEFENDANT ROBOTICVISIONTECH, LLC'S MOTION TO COMPEL ARBITRATION

I, Frederick Weidinger, do hereby make this Declaration pursuant to 28 U.S.C. § 1746 in Support of Defendant RoboticVISIONTech, LLC's ("RVT") Motion to Compel Arbitration. On the basis of my personal knowledge, I state as follows:

1. I am more than 18 years of age and am competent to testify as a witness.

2. I have personal knowledge of the matters set forth in this Declaration.

3. I am RVT's President and Chief Executive Officer.

4. Until I tendered my resignation in March 2010, I served as President and CEO of Braintech, Inc. At some point in 2009 when I was CEO of Braintech, all property and assets belonging to Defendant Braintech Canada, Inc. was transferred to Braintech Inc. as a result of the relocation of Braintech Canada's operations from Vancouver, B.C. to Pontiac, Michigan. This transfer was a requirement of a USA government contract Braintech entered into.

5. Effective May 24, 2010, through a public auction held in McLean, Virginia in strict compliance with the Uniform Commercial Code, RVT acquired all assets of Defendant

Braintech, Inc., Braintech Industrial, Inc. and Braintech Government & Defense Inc. (collectively "Braintech") free of Braintech's debt or liabilities. RVT made a bid of more than $2.5 million to secure the assets.

6. No employee of RVT has contacted Mr. VandeWyngearde. Rather, counsel for RVT contacted Mr. VandeWyngearde of Pepper Hamilton and demanded that he return Braintech's executables and source code to RVT. RVT purchased all of Braintech's source code and executables at the auction.

7. Mr. VandeWyngearde on behalf of Pepper Hamilton refused to return Braintech's executables and source code to ABB and/or RVT absent a court order to that effect. Thus, pending the outcome of this case, the source code will not be moved from its current location in Detroit, Michigan.

8. It is RVT's strong belief that Braintech's executables and source code rightfully belong only to RVT and, furthermore, are not the subject of an escrow agreement between Braintech and ABB. There exists no legally-cognizable escrow agreement between Braintech and ABB because, among other reasons, neither Mr. VandeWyngearde nor his firm ever agreed to serve as an escrow agent. It is RVT's strong belief that its legal and rightful ownership of these assets are not encumbered in any way by the rights that ABB incorrectly believe it holds.

9. Furthermore, it is RVT's belief that any disputes concerning the existence of a formal escrow agreement and to whom Braintech's executables and source code belong -- among other issues raised by Plaintiff ABB's Complaint -- are for an arbitrator to decide.

10. Section 23.2 ("Dispute Resolution") of the Licensing Agreement invoked by ABB in its Complaint contains a mandatory arbitration provision requiring that all disputes in connection

with the Agreement be finally settled by binding arbitration, in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce ("ICC").

11. Counsel for RVT contacted Kevin Stoops of ABB after the filing of ABB's Complaint and informed him that ABB was required to arbitrate these claims with the ICC.

12. ABB has not consented to arbitration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 11, 2010

_____
Frederick Weidinger

3