IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABB INC.,

Plaintiff,

v.

ROBOTIC VISIONTECH, LLC, BRAINTECH, INC., and BRAINTECH CANADA, INC.

Defendants.

Case No. 2:2010cv12626

Hon. John Corbett O'Meara

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**PLAINTIFF'S VERIFIED EX PARTE MOTION FOR ALTERNATE SERVICE**

NOW COMES the Plaintiff, ABB INC. ("ABB"), by and through its attorneys, SOMMERS SCHWARTZ, P.C., and hereby moves this Honorable Court for an order for alternate service of Defendant, BRAINTECH, INC. ("Braintech"), pursuant to Fed. R. Civ. P 4(e)(1), Fed. R. Civ P. 4(h)(1), and Michigan Court Rule 2.105(I). In support of this Motion, Plaintiff states as follows:

1. ABB filed its seven-count Complaint against the Defendants on July 1, 2010. (D. 1).

2. ABB asserts the following claims premised on the Defendants unlawful conversion of two robots owned by ABB, improper refusal to grant ABB access and use of certain software code and executables, and illegal trademark violations: Count I – Common Law Conversion, Against All Defendants; Count II – Statutory Conversion, MCL § 600.2919a, Against All Defendants; Count III – Claim and Delivery, MCL § 600.2920, Against All Defendants; Count IV – Declaratory Judgment, 28 U.S.C. § 2201(a), Against All Defendants;

Count V – Imposition of Equitable and/or Constructive Trust, Against All Defendants; Count VI –Trademark Infringement, 15 U.S.C. § 1114, Against Defendants RVT and Braintech Canada; Count VII – Unfair Competition, False Designation of Origin, Passing Off and False Advertising Under the Lanham Act § 43(a), Against Defendants RVT and Braintech Canada. (D. 1).

3. The original summons in this matter was issued on July 14, 2010. (D. 3). The summons will expire on November 11, 2010. Fed. R. Civ. P. 4(m).

4. This is an ex parte motion seeking an alternate means to serve a party who has not yet appeared in this case. As such, ABB could not seek concurrence as required by E.D. Mich. L. R. 7.1(a).

5. By way of SEC filings and its own website, Braintech states its business address as: 1750 Tysons Boulevard, Suite 350, McLean, Virginia 22102. (Exh. A).

6. ABB has made multiple unsuccessful attempts to serve the Complaint in this action on Braintech at its stated address.

7. Specifically, on July 20, 2010 counsel for ABB attempted to serve Braintech by way of certified First Class Mail. (Exh. B). On July 24, 2010 the certified mailing was returned to ABB's counsel with the designation:

> "RETURN TO SENDER
> :BRAINTECH
> MOVED LEFT NO ADDRESS
> UNABLE TO FORWARD
> RETURN TO SENDER"

(Exh. B).

8. Subsequently, on August 11, 2011, ABB attempted to personally serve Braintech at its stated business address. ABB's process server was unable to effectuate service and learned that Braintech no longer resided at the address. (Exh. C).

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

9. ABB is unaware of any other address at which to attempt to serve ABB.

10. Thus, despite reasonable and diligent efforts, ABB has been unable to serve Braintech.

11. ABB therefore requests that the Court issue an Order permitting alternate service of Braintech as follows:

A. By publication, once each week for three consecutive weeks, in the Detroit Legal News, a newspaper distributed in the same city that this Court is situated; and

B. By sending a copy of the order for alternate service to Braintech at its last known address (1750 Tysons Boulevard, Suite 350, McLean, Virginia 22102) by registered mail, return receipt requested, before the date of the last publication.

WHEREFORE, Plaintiff, ABB INC., respectfully requests this Honorable Court to enter an order:

(1) Granting ABB leave to serve Braintech with the Summons, Complaint, and other pleadings and papers in the manner set forth in Paragraph 11; and

(2) For any other relief this Court deems just and proper.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

s/Kevin J. Stoops (P64371)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
kstoops@sommerspc.com

Dated: August 20, 2010

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**PROOF OF SERVICE**

I certify that on 8-20-10, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Geoffrey J. Greeves; Geoffrey.greeves@pillsburylaw.com

s/Kevin J. Stoops (P64371)
Sommers Schwartz, PC
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
kstoops@sommerspc.com

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**VERIFICATION**

I, Kevin J. Stoops, an attorney, state that I have read the foregoing motion for substituted service and that the statements herein are true and correct.

Kevin J. Stoops (P64371)

Subscribed and sworn to before me
This 20th day of August, 2010

Annette M. DeCoste
Macomb County, Michigan
Acting in Oakland County
Commission Expires: 10-02-2013

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABB INC.,

Plaintiff,

v.

ROBOTIC VISIONTECH, LLC, BRAINTECH, INC., and BRAINTECH CANADA, INC.

Defendants.

Case No. 2:2010cv12626

Hon. John Corbett O'Meara

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S VERIFIED EX PARTE MOTION FOR ALTERNATE SERVICE**

Plaintiff, ABB Inc. ("ABB"), in support of its Verified Ex Parte Motion for Substituted Service of Defendant, Braintech, Inc. ("Braintech"), states as follows:

**LEGAL STANDARD FOR SUBSTITUTED SERVICE**

This motion is brought pursuant to Fed. R. Civ. P. 4(h)(1), and Michigan Court Rule 2.105(I). The Federal rule for service of corporations is set forth in Fed. R. Civ. P. 4(h)(1). This rule allows service "pursuant to the law of the state in which the district court is located." *Id.*

The Michigan Court Rules specifically provide for alternate service. Rule 2.105(I)(1) states that "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1).

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## ARGUMENT

As set forth in the attached Motion, ABB has been unsuccessful in its attempts to serve Braintech by both certified First Class Mail and personal service. In doing, ABB has learned that Braintech no longer resides at its last known and stated address: 1750 Tysons Boulevard, Suite 350, McLean, Virginia 22102.

Due to the inability to serve Braintech, ABB seeks an order allowing service by alternate means that are "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1). ABB asserts that, due to its inability to serve Braintech at its last known address (presumably, because Braintech no longer resides at that address), publication is the most reasonable way to ascertain service of Braintech. Further, publication in this judicial district is suitable where Braintech, consistent with its own website (Exh. A), conducts, or conducted, regular and continuous business activities in this district.

WHEREFORE, Plaintiff, ABB INC., respectfully requests this Honorable Court to enter an order:

(1) Granting ABB leave to serve Braintech with the Summons, Complaint, and other pleadings and papers as follows:

a. By publication, once each week for three consecutive weeks, in the Detroit Legal News, a newspaper distributed in the same city that this Court is situated; and

b. By sending a copy of the order for alternate service to Braintech at its last known address (1750 Tysons Boulevard, Suite 350, McLean, Virginia 22102) by registered mail, return receipt requested, before the date of the last publication.

AND:

(2) For any other relief this Court deems just and proper

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

s/Kevin J. Stoops (P64371)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
kstoops@sommerspc.com

Dated: August 20, 2010

**PROOF OF SERVICE**

I certify that on 8-20-10, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Geoffrey J. Greeves; Geoffrey.greeves@pillsburylaw.com

s/Kevin J. Stoops (P64371)
Sommers Schwartz, PC
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
kstoops@sommerspc.com